IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY COX,

    Plaintiff,

v.                              Civil Action No. 5:09CV84
                                          (STAMP)
BABCOCK & WILCOX CONSTRUCTION CO., INC.
and THE OHIO POWER COMPANY
d/b/a AMERICAN ELECTRIC POWER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT OHIO POWER COMPANY'S MOTION TO DISMISS,
DENYING DEFENDANT BABCOCK & WILCOX CONSTRUCTION CO.'S
MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY
TO DEFENDANT OHIO POWER COMPANY'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I. Background

The plaintiff, Terry Cox, filed a complaint against Babcock & Wilcox Construction Co., Inc. ("Babcock") and The Ohio Power Company ("Ohio Power"), doing business as American Electric Power, alleging claims of deliberate intent and negligence.[1] The defendant Ohio Power filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Defendant Babcock thereafter filed a separate motion to dismiss, also based on Rule 12(b)(5) of the Federal Rules of Civil Procedure. The plaintiff filed a joint response to the motions to which Ohio Power then filed a reply brief. The plaintiff also filed a motion for

---

[1] Count I of the complaint alleges a deliberate intent claim against Babcock. Count II of the complaint alleges a negligence claim against Ohio Power.

leave to file a surreply. For the reasons set forth below, the plaintiff's motion to file a surreply is granted; defendant Ohio Power's motion to dismiss is denied; and defendant Babcock's motion to dismiss is denied.

## II. Applicable Law

A motion to dismiss may be based upon the insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(c)(1) provides that the plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time requirements set forth under Rule 4(m). Rule 4(m), in turn, states that a plaintiff has a 120-day period after the filing of the complaint to effect service. A court, however, must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Fed. R. Civ. P. 4(m).

## III. Discussion

1. Plaintiff's Motion to File Surreply

A party should not file a surreply without first obtaining the permission of the court. Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v.

Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary. See e.g. E.E.O.C. v. LA Weight Loss, 509 F. Supp. 2d 527, 540 (D. Md. 2007) (denying the parties' motions to file surreplies because the court did not rely upon the new case law and evidence in making its decision); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a surreply "[s]ince the Court will not be considering the additional contentions advanced"). In those circumstances, a motion for leave to file a surreply should be denied.

As an initial matter, for good cause shown, the plaintiff's motion for leave to file a surreply to defendant Ohio Power's motion to dismiss is hereby granted. Accordingly, this Court will consider any issues addressed by the plaintiff in his surreply in analyzing and reaching its ultimate holding stated below.

2. Defendants' Motions to Dismiss[2]

   a. Service of Process Generally

The defendants filed separate motions to dismiss alleging insufficient service of process, contending that the plaintiff's

---

[2]Although the defendants filed separate motions to dismiss, because these motions advance the same arguments, this Court will address them together.

efforts to serve them with a copy of the complaint and summons do not comport with the requirements of Rule 4 of the Federal Rules of Civil Procedure, and that the plaintiff has not shown good cause for his failure to effect timely and proper service. Specifically, the defendants claim that each did not receive a copy of the complaint and summons until 121 days after the complaint was filed.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff must properly and timely serve a defendant with both a summons and a copy of the complaint or request that the defendant waive service. However, if a plaintiff shows good cause for failing to effect proper service of process upon a defendant within 120 days from the date that the complaint is filed, a court must extend the period for service for an appropriate time. Fed. R. Civ. P. 4(m). The defendants argue that the plaintiff has failed to show good cause for failure to effect sufficient service of process, and therefore, this Court is required to dismiss the action.

b. <u>Current Version of Rule 4 of the Federal Rules of Civil Procedure</u>

Prior to 1993, the Federal Rules of Civil Procedure required dismissal if a defendant was not served within the 120-day period absent showing of good cause. <u>See e.g.</u> <u>Shao v. Link Cargo (Taiwan) Ltd.</u>, 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(j), the predecessor to Rule 4(m), of the Federal Rules of Civil Procedure).

4

The rule itself provided the court no discretion to extend the time for service if the plaintiff could not show good cause:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1993). In 1993, nonetheless, this rule was amended and redesignated as Rule 4(m). The amended rule states the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Advisory Committee Notes to the 1993 Amendment explain that the new rule designated as Rule 4(m) expressly requires courts to extend the period for service if the plaintiff shows good cause, and further, "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment.

Most courts have held that the amendment substantively changes the rule's content by eliminating the good cause requirement, giving courts discretion to extend the time for effectuating service even in the absence of good cause, and by requiring courts

5

to extend the time for service for an appropriate time where the plaintiff does, in fact, show good cause. See <u>Horenkamp v. Van Winkle and Co.</u>, 402 F.3d 1129 (11th Cir. 2005) (collecting cases). Moreover, in 1996, the United States Supreme Court observed, in dicta, that under the 1993 Amendment to Rule 4 of the Federal Rules of Civil Procedure, courts have discretion to extend the time for service even absent a showing of good cause. <u>Henderson v. United States</u>, 517 U.S. 654 (1996).

In 2007, the rule was once again amended. The Advisory Committee Notes to the 2007 Amendment state that the changes contained in the amended Rule 4 "are intended to be stylistic only" and are "part of the general restyling of the Civil Rules to make them more easily understood . . . ." Fed. R. Civ. P. 4, Advisory Committee Note, 2007 Amendment. Thus, while the 2007 Amendment appears to contain no substantive changes to Rule 4(m) of the Federal Rules of Civil Procedure, it reads, in relevant part, the following:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

This Court acknowledges that a published opinion by the United States Court of Appeals for the Fourth Circuit has held that a district court must dismiss under Rule 4(m) of the Federal Rules of

6

Civil Procedure in the absence of a showing of good cause for failure to effect timely service of process. Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995). However, several factors suggest to this Court that Mendez v. Elliot, 45 F.3d at 75, is not applicable to this case.

First, the relevant events in Mendez occurred between April 26, 1993 and October 20, 1993. Because the 1993 Amendment did not become effective until December 1, 1993, the plaintiff in Mendez would have been subject to the pre-amendment version, Rule 4(j), which mandated dismissal absent a showing of good cause. Mendez, 45 F.3d at 78. In its decision, the Mendez court referred to the relevant rule as the renumbered "Rule 4(m)," but it noted that it did so "[f]or convenience." Mendez, 45 F.3d at 77 n.1. Thus, although the Mendez court referred to the pertinent rule as "Rule 4(m)," the court's analysis appears to be based upon the content of the pre-amendment rule, Rule 4(j) of the Federal Rules of Civil Procedure.[3]

Second, the Fourth Circuit decided Mendez in 1995, prior to the Supreme Court issuing Henderson v. United States, 517 U.S. at 654, in 1996. Consequently, the Fourth Circuit did not have the

---

[3]The Fourth Circuit stated, without discussion, that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993." Mendez, 45 F.3d at 78. However, because the plaintiff was not subject to the amended rule in any event, analysis of the case did not require the court to compare the language of pre-amendment Rule 4(j) with the language of post-amendment Rule 4(m). Thus, this statement appears to have been necessary only to clarify the court's reference to Rule 4(m) and not to reach the holding of the case.

7

benefit of the Supreme Court's commentary concerning the 1993 Amendment before deciding Mendez.

Third, the 2007 Amendment to Rule 4 was undertaken, in part, to ensure clarity. The most recent language of Rule 4(m) of the Federal Rules of Civil Procedure unambiguously vests courts with the discretion to dismiss or to order that service be effected within a specified time. If a plaintiff shows good cause, the court must grant an extension.

Finally, the Fourth Circuit, acknowledging the Supreme Court's commentary in Henderson v. United States, 517 U.S. at 654, has more recently stated in unpublished decisions that it believes Rule 4(m) permits a district court to extend the period of time to effect service even in the absence of a showing of good cause. See Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) (unpublished) (citing Henderson, 517 U.S. at 658 n.5); Giacomo-Tano v. Levine, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) (unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing Henderson, 517 U.S. at 658 n.5). See also Panara v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Hendry v. Schneider, 116 F.3d 446, 449 (3d Cir. 1997).

In light of the Supreme Court's observation in Henderson v. United States, the 2007 Amendment to the text of Rule 4(m) to make it more easily understood, the Fourth Circuit's unpublished post-

Mendez decisions suggesting that the decision may no longer be applicable, and the weight of authority finding that Rule 4(m) of the Federal Rules of Civil Procedure permits courts to enlarge the time for service in the absence of a good-cause showing, this Court believes that a district court has discretion to enlarge the period for effecting service, even if the plaintiff has failed to show good cause.

    c. <u>Applying Rule 4(m) of the Federal Rules of Civil Procedure</u>

Several factors may be considered in determining whether to grant an extension to a plaintiff who has not shown good cause. Included among those factors are whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service. <u>Troxell v. Fedders of North America, Inc.</u>, 160 F.3d 381 (7th Cir. 1998).

Here, regardless of the plaintiff's failure to effect service within the 120-day period or submit a statement of good cause to justify an extension, this Court finds that service was proper under Rule 4(m) of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment (Rule 4(m) of the Federal Rules of Civil Procedure "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown."). First, the plaintiff did eventually effect service, only one day

after the permitted time period prescribed in Rule 4(m) of the Federal Rules of Civil Procedure. Second, the defendants have offered no argument, and this Court finds no evidence to suggest, that they were prejudiced by this extension. Accordingly, the defendants' motions to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure are denied.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to file a surreply is GRANTED. Furthermore, defendant Ohio Power's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is hereby DENIED; and defendant Babcock's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 9, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE