IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY COX,

  Plaintiff,

v.              Civil Action No. 5:09CV84
                    (STAMP)
BABCOCK & WILCOX CONSTRUCTION CO., INC.,
and THE OHIO POWER COMPANY
d/b/a AMERICAN ELECTRIC POWER,

  Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
BABCOCK & WILCOX CONSTRUCTION CO., INC.'S
MOTION FOR SUMMARY JUDGMENT**

I. Background

The above-styled civil action arises from injuries allegedly suffered by the plaintiff on the property of the defendant, The Ohio Power Company d/b/a American Electric Power ("OPC") while he was within the course of his employment with Babcock & Wilcox Construction Co., Inc. ("Babcock & Wilcox"). In his complaint, the plaintiff alleged that he was injured on February 15, 2007 while working at OPC's Kammer-Mitchell Plant, located in Marshall County, West Virginia. Specifically, the plaintiff claimed: 1) unsafe working conditions existed in the Kammer-Mitchell Plant, which presented a high degree of risk and strong probability of serious injury or death; 2) Babcock & Wilcox had actual knowledge of the unsafe working conditions; 3) the unsafe working conditions were in direct violation of state and/or federal safety statutes, rules, and regulations; 4) Babcock & Wilcox intentionally exposed the plaintiff to the unsafe working conditions; and 5) as a direct and

proximate result of the exposure to the unsafe working conditions, the plaintiff suffered serious compensable injuries.

On June 15, 2010, Babcock & Wilcox filed a motion for summary judgment. In support of this motion, Babcock & Wilcox argues that because the plaintiff failed to respond to requests for admission, the matters set forth in the request are deemed admitted, and there is no genuine issue as to any material fact.

## II. Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In this case, the plaintiff did not respond to the defendant's motion for summary judgment. However, Mr. Cox's failure to file a response does not relieve defendant Babcock & Wilcox from the burden imposed upon the moving party. See Custer

v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The Court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

III. Discussion

A. Deliberate Intent

In Count I of the plaintiff's complaint, as to Babcock & Wilcox, the plaintiff asserts a deliberate intent cause of action under West Virginia Code § 23-4-2(d)(2)(ii)(A)-(E). Specifically, the plaintiff alleges: 1) specific unsafe conditions existed in the workplace at the Kammer-Mitchell Plant, which presented a high degree of risk and strong probability of serious injury or death to the plaintiff; 2) Babcock & Wilcox had actual knowledge of the specific unsafe workplace conditions at the Kammer-Mitchell Plant; 3) the specific unsafe working conditions were in direct violation of state and/or federal safety statutes, rules, regulations or commonly accepted, well-known safety standards within the industry; 4) Babcock & Wilcox had actual knowledge that their employees would be assigned to work at the Kammer-Mitchell Plant, which had unsafe working conditions; 4)Notwithstanding the existence of the specific unsafe working conditions and Babcock & Wilcox's actual knowledge of these unsafe conditions and the safety standards violations,

Babcock & Wilcox nevertheless intentionally exposed the plaintiff to the specific unsafe working conditions; and 5) as a direct and proximate result of the exposure to the specific unsafe working conditions, the plaintiff suffered serious compensable injuries as defined by W.Va. Code § 23-4-1. (Compl. ¶¶ 9-16).

The plaintiff's complaint provides no additional information that would illuminate the specific unsafe working conditions at the Kammer-Mitchell Plant. In an effort to obtain information to that effect, Babcock & Wilcox served written discovery requests upon the plaintiff on April 28, 2010. Specifically, Babcock & Wilcox propounded the following requests for admission to the plaintiff: 1) admit that no specific unsafe working condition existed at the Kammer-Mitchell Plant which presented a high degree of risk and strong probability of serious injury or death; 2) admit that you have no evidence that would tend to prove that a specific employee of Babcock & Wilcox had actual knowledge of any alleged specific unsafe working condition at the Kammer-Mitchell Plant; and 3) admit that Babcock & Wilcox did not intentionally expose you to a specific unsafe working condition which presented a high degree of risk and a strong probability of serious injury or death. (Def.'s Motion Summ. J. Ex. B at 14). The plaintiff failed to respond to the requests for admission.

The West Virginia Workers' Compensation Act affords covered employers immunity from suit for damages resulting from the work-related injuries of their employees. W. Va. Code § 23-2-6; Reed

4

v. E.I. Du Pont de Nemours & Co., 109 F. Supp. 2d 459, 464 (S.D.W.Va. 2000). An exception exists to this general immunity,[1] where an employer acted with "deliberate intention" to cause the injuries sustained by an employee. See W. Va. Code § 23-4-2(d); see also Mandolidis v. Elkins Industries, Inc., 246 S.E.2d 907 (W. Va. 1978).

For an employee to recover against a covered employer, the employee must show in at least one of two ways that the employer acted with deliberate intention. First, the plaintiff may show that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W. Va. Code § 23-4-2(d)(2)(i). To recover under this test, the plaintiff must make "a showing of an actual, specific intent" to cause injury. Id. Here, the plaintiff has not alleged any facts that demonstrate such intent.

Second, in the absence of proof of actual intent to injure, the employee may recover by proving each of the following five elements:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

---

[1] The exception is commonly referred to as the "Mandolidis exception."

  (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

  (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

  (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii)(A)-(E)(2010). To prevail over a motion for summary judgment by the employer, the plaintiff employee must make a *prima facie* showing of dispute on each of the five statutory factors supporting application of the "deliberate intention" exception to his covered employer's statutory immunity. Gaus v. Consol, Inc., 294 F. Supp. 2d 815, 819 (N.D.W.Va. 2002). The plaintiff failed to make such a showing; therefore, this Court must dismiss the action upon a motion for summary judgment. See W. Va. Code § 23-4-2(d)(2)(iii)(B) ("[T]he court shall dismiss the action upon motion for summary judgment if it finds, pursuant to rule 56 of

6

the rules of civil procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) . . . do not exist.").

B. <u>Failure to Respond</u>

Rule 36 of the Federal Rules of Civil Procedure provides: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The party to whom the request is directed must respond within thirty (30) days of being served. Fed. R. Civ. P. 36(a)(3). "[I]t is well established that failure to respond to requests for admission is deemed to be an admission of the matters set forth." <u>Weva Oil Corp. v. Belco Petroleum Corp.</u>, 68 F.R.D. 663, 666 (N.D.W.Va. 1975). According to <u>Weva Oil Corp.</u>, "where there is no response to a request for admission, the party making the request is entitled to rely thereon and no further proof is required to be made of the facts thus admitted." <u>Weva Oil Corp.</u>, 68 F.R.D. at 667. Finally, <u>Weva Oil Corp.</u> also stands for the proposition that "unanswered requests for admission render the matter requested conclusively established for the purpose of that suit and that a summary judgment may be based on admitted matter." <u>Id.</u> Moreover, Rule 56(c) of the Federal Rules of Civil Procedure mandates that summary judgment "should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

According to Babcock & Wilcox's motion for summary judgment, the facts admitted by the plaintiff conclusively establish that no specific unsafe working condition existed at the Kammer-Mitchell Plant during the plaintiff's time of employment with Babcock & Wilcox which presented a high degree of risk and strong possibility of serious injury or death. Additionally, Babcock & Wilcox argues that the plaintiff has admitted that he has no evidence that would tend to prove that a specific employee of Babcock & Wilcox had knowledge of any alleged specific unsafe working condition in existence at the Kammer-Mitchell Plant during the plaintiff's time of employment. Finally, Babcock & Wilcox contends that the plaintiff has admitted that Babcock & Wilcox did not intentionally expose the plaintiff to a specific unsafe working condition which presented a high degree of risk and a strong probability of serious injury or death.

In light of these admissions, this Court determines that the plaintiff has failed to satisfy the requirements of W. Va. Code § 23-4-2(d)(2)(ii)(A)-(E) and Babcock & Wilcox is entitled to judgment as a matter of law. The Court notes that both defendants have diligently attempted to defend this case, and that the plaintiff is not prejudiced by the Court's decision

because he failed to respond to the Court's orders and failed to appear at the hearing on the motion for involuntary dismissal and motion to continue mediation.

## IV. Conclusion

After reviewing the pleadings in this case, this Court concludes that no genuine issue of material fact exists with respect to the claims against defendant Babcock & Wilcox. The Court hereby CONFIRMS the pronounced order of the Court at the time of the hearing and GRANTS the defendant, Babcock & Wilcox's motion for summary judgment. The Court has previously dismissed defendant OPC because of the plaintiff's failure to prosecute by order entered on September 3, 2010 (Docket No. 59). Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE as to both defendants, and this Court ORDERS the plaintiff's complaint STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty (30) days after the date of entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to send this order to counsel of record herein and to the pro se plaintiff by certified mail at his last known address as shown on the docket. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to

enter judgment on this matter in favor of both defendants, OPC and Babcock & Wilcox.

DATED:    September 7, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE